FERNÁNDEZ PÉREZ, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Mortgage Deed.

No. 390.—Decided November 19, 1918.

RECORD OF TITLE — COMMUNITY PROPERTY — SEPARATE PROPERTY — CURABLE DEFECT.—When a notarial deed recites that the husband who executes the deed built a house upon a lot granted him in usufruct by a certain municipality in whose name it was recorded, without, showing the origin of the money invested in the building, the registrar acts correctly in recording the deed with the curable defect of failure to show that the money invested in the building was the private money of the husband.

ID. — ID. — MORTGAGE — EXPRESS CONSENT. — When community property is mortgaged the express consent of both spouses is necessary and the simple recital of the notary that both parties accepted the deed is not sufficient.

The facts are stated in the opinion.

*Mr. V. F. Rodríguez* for the appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In a public deed executed in Caguas before Notary Vicente Ferrer Rodríguez y Ortiz on August 20, 1918, between Juan Vázquez Ramos and his wife, Petronila Jiménez, of the one part, and Ramón Fernández·Pérez and his wife, Ana

Carballo, of the other part, the spouses Vázquez-Jiménez stated that they held the usufruct of the lot described in the deed and that Juan Vázquez Ramos had built thereon at his expense and under his direction and management a house which he wished to record in his name in the registry of property. In the same deed Juan Vázquez acknowledged that he was indebted to Ramón Fernández Pérez in the sum of $100 and in order to secure its payment created a voluntary mortgage on the property.

The said deed having been presented for record in the Registry of Property of Caguas, the registrar admitted the same to record as to the construction of the house with the curable defect that although Vázquez had declared that the building was constructed at his expense, he had not shown that the money employed in its construction belonged to him separately. And the registrar refused to record the deed as to the mortgage because it appeared that Vázquez had constructed the mortgaged building during his wedlock with Petronila Jiménez, the mortgage being created, therefore, upon community property without the express consent of the wife.

Ramón Fernández Pérez appealed from that decision to this court.

We find that the said decision is in accordance with the law, for although the house in question was recorded in the registry of property in the name of Vázquez, it was recorded with the curable defect that he had not shown that it was constructed with his own personal money, and until this is shown the defect assigned by the registrar remains and, according to section 1322 of the Civil Code, the house in question must be considered as belonging to the community composed of the spouses Juan Vázquez and Petronila Jiménez. The appellant himself admits that the house should have been recorded in the name of the conjugal partnership of Juan Vázquez Ramos and Petronila Jiménez and not in the name of the former only.

This being so, the refusal to record the mortgage lien on the house in question was well founded, since the wife had not expressly assented to the creation of the mortgage, as required by sections 159 and 1328 of the said code. The fact that the notary stated in the deed that the parties accepted it is not enough, for that statement is insufficient to supply the express consent required by law.

For the foregoing reasons the decision appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.